# United States Court of Appeals for the Fifth Circuit

No. 24-40128

United States Court of Appeals
Fifth Circuit

**FILED**
August 14, 2025

Lyle W. Cayce
Clerk

Abel Garcia-Perez,

*Plaintiff—Appellant*,

*versus*

J. E. "Eddie" Guerra, *Sheriff*; Jose R. Vasquez, *Captain*; David Flores, *First Lieutenant*; Anna Karen, *Registered Nurse, Head Nurse in Charge of Infirmary Department*; Dr. Lung, P.h.D.; Unknown Persons, *in charge for Facebook Intellectual Communications*,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:22-CV-130

_____

Before Jones, Smith, and Higginson, *Circuit Judges*.

Per Curiam:[*]

Abel Garcia-Perez, currently Texas prisoner # 02552269, moves for leave to proceed in forma pauperis (IFP) on appeal following the dismissal of his 42 U.S.C. § 1983 action, which he filed while he was a pretrial detainee. The district court dismissed for failure to state a claim Garcia-Perez's claims

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

that the defendants violated his constitutional rights by, variously, failing to train officers adequately, failing to respond sufficiently to his grievances and complaints, subjecting him to unhealthy conditions of confinement, failing to provide him adequate medical treatment, and sharing information about him on a website without his permission or knowledge. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Through his IFP motion, Garcia-Perez challenges the district court's determination that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry, therefore, "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

Garcia-Perez limits his pleadings to discussing only his financial qualifications to proceed IFP; he does not substantively address, and has therefore abandoned any challenge to, the district court's determination that he failed to state a claim upon which relief may be granted under § 1983. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); Fed. R. App. P. 28(a)(8). As a consequence, he fails to identify a nonfrivolous issue for appeal. *See Howard*, 707 F.2d at 220. The IFP motion is therefore DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5th Cir. R. 42.2.

Both the district court's dismissal for failure to state a claim and our dismissal of the appeal as frivolous count as strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). We WARN Garcia-Perez that if he accumulates three strikes, he will not be permitted to proceed IFP in any civil action or appeal filed while he is

No. 24-40128

incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).